## Caskey's Estate.

*H. James Sautter,* for exceptions; *William Clarke Mason,* contra.

STEARNE, J., Nov. 7, 1930.—We have carefully reviewed the record and are in accord with what the Auditing Judge has found and ruled.

Exceptant, sole beneficiary under her husband's will, in pursuance to her expressed desire, accepted in partial distribution of the estate an equity in a brokers' marginal account, which had been maintained by the decedent in his lifetime. The account was regularly assigned to her, and she went in person to the offices of the stock broker for such purpose. Thereafter she executed a receipt and release to her co-executor. Subsequently, as an executrix, she executed and filed the account of the administration of this estate, wherein such distribution credit is noted. What happened after she took over the marginal account on Aug. 2, 1929, is best expressed in the paper book of her counsel:

". . . she then blissfully forgot all about this marginal account until the latter part of October, when she was called upon during the 1929 stock market break for additional collateral by the brokers."

Being unable to comply with the demands of the brokers, exceptant sustained a very substantial loss. She is now endeavoring to charge her corporate co-executor with responsibility for such loss.

There is no evidence indicating fraud in fact or in law. We have not been persuaded under the facts why exceptant's co-executor should be held liable for a loss which resulted solely from her individual dealing with her own property.

The exceptions are dismissed and the adjudication is confirmed absolutely.